FILED
MISSOULA, MT

2005 DEC 21 PM 4 56

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| MITCHELL LEE WALCK, | CV 05-25-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| MIKE MCMEEKIN, SUSAN HINTZ, BARBARA EVANS, J. CURTISS, B. CAREY, MS. SCAMMON, MR. STINEFORD, TWO UNKNOWN CORRECTIONAL OFFICERS AT THE MISSOULA COUNTY JAIL, | |
| Defendants. | |

United States Magistrate Judge Erickson entered Findings and Recommendations in this matter on September 23, 2005. Plaintiff did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*,

-1-

656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff Walck has applied to proceed *in forma pauperis* under 42 U.S.C. § 1983. Walck was convicted of assault and sentenced to ten years on May 17, 2002. Beginning in December 2002, Walck has previously filed pleadings six times concerning the nature of his conviction in May 2002 (three claims under 42 U.S.C. § 1983 and three petitions for writs of habeas corpus). All of Walck's charges have contained the same or similar allegations with different defendants in an effort to overturn his assault conviction.

In his findings and recommendations, Judge Erickson found that Walck's application should be denied pursuant to 28 U.S.C. § 1915(g). I agree. The statute prevents prisoners, who are not in imminent danger of physical injury, from repeatedly bringing civil actions where they have already had civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted on three or more occasions. 28 U.S.C. § 1915(g). The Ninth Circuit has upheld this provision as constitutional. *Rodriguez*

*v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999).

Three times I have dismissed Walck's claims for failure to state a claim on which relief may be granted. Despite repeated admonishments that Walck must first exhaust state judicial remedies, Walck has repeatedly persisted in filing claims in this court in contravention of *Heck v. Humphrey*. 512 U.S. 477 (1994). Therefore as Judge Erickson noted, Walck's actions place him within the provisions of 28 U.S.C. § 1915(g). Moreover, each time Walck filed via 42 U.S.C. § 1983 I informed him that those cases counted against the statute.

Consequently, Walck is barred from proceeding *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). That is not the case here. Walck's allegations arise from his confinement at the Missoula County Detention Center from April 10, 2002 to May 17, 2002. Walck charges that he was wrongfully denied access to the exercise area, fully restrained while showering, that he was sometimes denied a shower, that he was denied the chance to shave every other day, that he was forced to shave with his hands handcuffed, and that improper cell searches were conducted of his legal letters and mail. These allegations do not constitute the threat of "serious bodily injury" as mandated by

the statute.  Thus, Walck can not proceed *in forma pauperis* but he may pursue the legal action only if he pays the original filing fee of $150.00 (since raised to $250.00).

Accordingly, IT IS HEREBY ORDERED that I adopt Judge Erickson's Findings and Recommendations in full (dkt #4). Plaintiff's application to proceed *in forma pauperis* is DENIED (dkt #1).

DATED this 21st day of December, 2005.

_____
Donald W. Molloy, Chief Judge
United States District Court